THE CITY OF BURLINGTON v. COX ET AL.

INJUNCTION: SERVICE: JURISDICTION.

*Appeal from Des Moines District Court.*

FRIDAY, MARCH 25, 1881.

THE plaintiff filed its petition in substance alleging that on the 6th day of October, 1875, the defendant Cox recovered judgment against the plaintiff for the sum of $90, which was afterward affirmed in the Supreme Court, and that a writ of execution thereon is now in defendant Schaffner's hands as sheriff, who is about to collect the amount of said judgment by levy and sale; that Cox was the duly elected and qualified marshal of said city, and as such, prior to the rendition of said judgment, he collected special taxes and assessments belonging to said city to the amount of $349.65, all of which he converted to his own use except the sum of $90; that these facts were unknown to plaintiff until after the judgment was obtained, and plaintiff was prevented from availing itself of this defense sooner by the fraud of the defendant Cox in the concealment of the facts aforesaid; that Cox is insolv-

ent and has absconded, and legal process cannot be served upon him. Service of process was accepted and copy waived by T. J. Trulock and Blake & Hammack.

Trulock and Blake & Hammack filed a petition of intervention, alleging that they represented Cox in the case in which judgment was obtained, both in the District and Supreme Courts; that the proceeding was a test case between the city and several of its officers; that on the 20th of June, 1876, they filed their attorneys' lien for the whole of said judgment, and they claim that they are entitled to recover the whole of said judgment as against the plaintiff. Cox and Schaffner did not appear, nor was any default as to them entered. The court upon the hearing dissolved the injunction theretofore granted, and found that the intervenors are entitled to a lien upon the judgment for their services. The plaintiff appeals.

DAY, J.—It does not appear from the record that the court acquired any jurisdiction of the defendant Cox. Service was accepted by Trulock and Blake & Hammack, but it is not shown that they had any authority to accept service for Cox. Cox did not appear. The record does not recite that he was served with notice, nor was any default entered against him. The petition alleges that he has absconded for parts unknown, and that legal process cannot be served upon him. It is evident that no injunction could be decreed until it was judicially determined that Cox was indebted to the plaintiff, and this determination could not be made until the court acquired jurisdiction of Cox by proper service. This alone was sufficient to require the court to dissolve the injunction before granted. Whether it was proper for the court without having jurisdiction of Cox to determine that the intervenors have a lien for their services, is a question solely between the intervenors and Cox, and which does not concern the plaintiff. Whether the plaintiffs would have been entitled to an injunction, if jurisdiction over the proper parties had been obtained, we need not determine.

AFFIRMED.